11 U.S. 396
 7 Cranch 396
 3 L.Ed. 383
 THE MUTUAL ASSURANCE SOCIETY
v.
KORN AND WISEMILLER.
 February 16, 1813
 
 Absent. WASHINGTON, J.
 ERROR to the Circuit Court for the district of Columbia, sitting at Alexandria.
 The Mutual Assurance Society against free, &c. was incorporated by an act of the legislature of Virginia in 1795.
 According to the original plan of the institution the houses in the towns and country were blended together in one general mass, and were mutually pledged to each other, to make good the losses which might be respectively sustained by fire.
 In January, 1805, the legislature of Virginia, at the request of the society, passed a law changing the original plan of the institution, by separating the town buildings from those in the country, and making the town buildings liable only for town losses, and the country buildings for country losses. This law directed that there should be a re-valuation of the buildings which had been previously insured; and authorized the society, as in the first instance, to fix the rates of hazard, and make such by-laws, rules and regulations as they might think proper.
 The society was authorized to recover its debts by motion, in a summary manner.
 Under the act of 1805 the society made a new tariff of rates of hazard.
 The houses of the Defendants were re-valued under the act. The re-valuation was less than the original waluation; but the rate of hazard, or in other words, the premium for the insurance, was increased under the new regulation.
 By the third section of a by-law of the society made in January, 1805, under the authority of their original act of incorporation and of the act of 1805, it is enacted, 'that if the re-valuation of any building shall prove it to be of less value than that at which it was insured, there shall be no demand against the society of restitution of any part of the premium which may have been paid, and the proprietor of such building shall pay the additional premium (if the materials of which his building be erected, or its contiguity require it) which according to the new rates of hazard ought to be paid.'
 In July, 1805, the Defendants, Korn and Wisemiller, agreeably to a form prescribed by the society, made a declaration, under their hands and seals, as follows: 'We do hereby declare and affirm, that we hold the abovementioned buildings, with the land on which they stand, in fee simple, and that they are not, nor shall be insured elsewhere, and that we will abide, observe and adhere to the constitution, rules and regulations, which are already established, or may hereafter be established by a majority of the insured, present in person or by representatives, or by the majority of the property insured, represented either by the persons themselves, or their proxy duly authorized, or their deputy, as established by law, at any general meeting to be held by the said assurance society; or which are or hereafter may be established by the president and directors of the society.'
 To this declaration were annexed a plat, description and new valuation of the buildings insured.
 The buildings had been originally insured by the Defendants in the year 1796.
 The sum now claimed of the Defendants was for the additional premium arising out of the increased rates of hazard according to the new regulations, made in January, 1805.
 SWANN, for the Plaintiffs in error.
 This case differs from that of Atkinson, (ante. vol. 6, p. 202) which was for an additional premium occasioned by the increased valuation of the building—this is for the additional premium upon the new rates of hazard.
 In the former case between these same parties (ante vol. 6, p. 192) it was decided by this Court that the proprietors of houses in Alexandria, still continued members of the society, notwithstanding their separation from the state of Virginia, and were bound by all the by-laws and regulations of the society.
 The only remaining question is whether the Defendants are liable for the new rates of premium. It was just that the old members and the new should stand on the same ground and pay the same rates of premium where the risk was the same. This point has never been disputed in Virginia.
 C. LEE, contra.
 The former case has settled the point that the Defendants are bound by their original contract in 1796. The legislature had no right to alter or vacate that contract. There was nothing unjust or hard in the case. The additional premium ought to be confined to cases of excess upon re-valuation.
 SWANN, in reply.
 The act of assembly of 1805 was passed at the request of the society, of which the Defendants were members, and bound by the acts of the majority.
 
 March 3d.
 
 JOHNSON, J. delivered the opinion of the Court as follows:
 
 
 1
 In the case decided between Atkinson and these Plaintiffs, February term, 1810, the question arose on the construction of the 7th section of the act of 1805, and the additional premium in that case was imposed upon a re-valuation without relation to a change in the rates of premium, but resulting from the increased valuation.
 
 
 2
 In this case the sum demanded arises from the changes made in the rates of premium, arising from a variation of risk; to equalize which the 8th article of the present rules of the society requires an additional per centage to be paid by the present members of the company, in conformity to what is to be imposed upon subsequent applicants for insurance. And it is contended that the contract being complete between the parties, the insurers cannot add to the consideration to be paid for insurance. In general this doctrine is unquestionably correct, but peculiar circumstances except this from ordinary cases. This subject was considered in the quoted case decided between these same parties in February, 1810. It is there laid down, and on reflection we are confirmed in the opinion, that in the capacity of an individual of the body corporate the Defendants are bound by the by-laws of the society as far as is consistent with the nature of its institution.
 
 
 3
 This case is within the 4th section of the 8th article of those by-laws, and therefore the judgment below ought to have been for the Plaintiffs.
 
 
 4
 Judgment reversed.