A. C. HOUSE v. SURRY PARKER.

(Filed 2 March, 1921.)

**Vendor and Purchaser—Title Retained—Power of Sale—Statutes—Foreclosure.**

A contract for the sale of personal property, retaining title in the vendor until the purchase price has been paid, without express power of sale therein, comes under the provisions of C. S., 2587, as if written in the contract, and gives to the vendor the right to sell the property in default of payment of the purchase price, or part thereof, without consent of court, upon certain advertisement specified in the statute; and it is reversible error for the court to charge the jury that the vendor could not sell the property without the consent of the purchaser.

APPEAL by defendant from *Lyon, J.,* at August Term, 1920, of HALIFAX.

This was a civil action for damages, tried upon an alleged wrongful conversion of plaintiff's property by the defendant, Surry Parker.

In July 1916, plaintiff, a resident of Halifax County, purchased from the defendant, who resided at Pinetown, N. C., a steam logging loading outfit upon a retained-title contract. The terms of said agreement, touching the reservation of title, were as follows:

"The condition of the above contract is that the legal title and right in and to the above described property is to remain and be vested in Surry Parker, Pinetown, N. C., until the said notes, and all interest thereon accrued, are paid off; and in case the said party of the second part should fail to pay off the amount due by the said notes, or either of them, at maturity, then the entire debt shall become due and payable, and it shall be lawful for the said Surry Parker, Pinetown, N. C., to take possession of the said property at any time thereafter; but in case the said notes are paid off, then the title of said property to vest in the said party of the second part."

The machinery was shipped by freight to the plaintiff at Garysburg, N. C., bill of lading for same being attached to draft and sent to the Bank of Weldon, with instructions to notify plaintiff. Pending negotiations between the parties as to the correctness of said draft and the execution of the purchase-money notes, the shipment was returned by the railroad companies to the point of origin.

Plaintiff then instructed the defendant to hold the machinery at Pinetown until he could arrange to pay for it, or until he could sell it. There was evidence tending to show that the plaintiff's mill had been shut down, in the meantime, and that he desired to sell said machinery at Pinetown, if he could do so to advantage.

Upon failure of the plaintiff to pay his last note at maturity defendant sold said property at public auction, as security for his claim. The amount received at said sale was insufficient to pay the balance of the debt. With respect to defendant's right to sell the machinery after due notice, and apply the proceeds to the payment of the purchase money, his Honor charged the jury: "But if you should find that after this property was shipped back to Pinetown, House ratified the reshipment, and agreed to let the property remain there in the hands of Parker, to be disposed of by him, and that he made the best disposition that he could under the circumstances, though he had no right to sell it under the contract of sale, there being no power of sale in the contract, and has brought no suit to foreclose the sale, he could only sell it by the consent and direction of House." Defendant excepted.

Judgment in favor of the plaintiff on the verdict, and the defendant appealed.

*W. E. Daniel, G. E. Midyette, and George C. Green for plaintiff.*
*Ashley B. Stainback and Daniel & Carter for defendant.*

STACY, J.   Sec. 2587, C. S., relating to the foreclosure of conditional sales, provides as follows: "In all sales of personal property wherein the title is retained by the seller to secure the purchase money, or any part thereof, and no power of sale is conferred, and default is made in the payment of said obligation by the purchaser, then in all such cases it is lawful for the owner of such debt thereby secured, without an order of court, to sell such property, or so much thereof as may be necessary to pay off said indebtedness, at public auction for cash, after first giving twenty days notice at three or more public places in the county wherein the sale is to be made, and apply the proceeds of such sale to the discharge of said debt, interest on the same, and costs of foreclosure, and pay any surplus to the person legally entitled thereto.   Before making any such sale, in addition to the advertisement above required, the owner of said debt shall, at least ten days before the day of sale, mail a copy of the notice of sale to the last known postoffice address of the original purchaser or his assigns."

Under a proper construction of this statute, and on the record, we think his Honor erred in charging the jury that the defendant could not sell the property in question without the consent and direction of the plaintiff.   It is true the contract contains no express power of sale; but the general laws of the State in force at the time of its execution and performance enter into and become as much a part of the contract as if they were expressly referred to or incorporated in its terms.   *O'Kelly v. Williams,* 84 N. C., 281; *Graves v. Howard,* 159 N. C., 594, and *Van Huffman v. Quincy,* 4 Wallace, 552.

There are other exceptions worthy of consideration, but as the case goes back for a new trial, and as they may not occur on another hearing, we refrain from further comment.

New trial.