WACHOVIA BANK AND TRUST COMPANY, RECEIVER, v. H. C. HUDSON
AND C. R. WHARTON, TRUSTEES.

(Filed 29 April, 1931.)

**1. Contracts B a—General laws in force at time of execution of contract become part thereof.**

The general laws of the State in force at the time of the execution of a contract enter into and become as much a part of the contract as if they were expressly incorporated in its terms.

**2. Mortgages H h—Execution of power of sale by receiver of trustee held valid under the facts of this case.**

A land company borrowed money on its property and conveyed it to a bank as trustee to secure notes in the hands of purchasers, the deed directing foreclosure by the trustee or its successors or assigns upon certain conditions, and the trustee bank becoming insolvent and a receiver being appointed, the court ordered the receiver to foreclose and make title to the purchaser at the sale, the receiver executed the power of sale contained in the deed of trust in accordance with its terms, and offered a deed in proper form to the purchaser: *Held*, applying C. S., 1209, 1210, under the facts of this case, the deed was sufficient in law to pass title.

APPEAL by defendants from *Clement, J.,* March Term, 1931, of FORSYTH.

Controversy without action submitted on an agreed statement of facts, which, without impairment to a proper understanding of the legal question involved, may be condensed or abridged into the following:

1. On 1 February, 1922, Moore County Farms, Inc., a North Carolina corporation, executed to the Merchants Bank and Trust Company, a banking corporation organized under the laws of the State, as trustee, a deed of trust on a number of farms to secure certain of its bonds, made payable to bearer, which said deed of trust contained the usual power of sale in case of default, and made it "the duty of the said trustee, party of the second part, its successor or assignee, upon the request in writing of the holder or holders of as much as 20 per cent of said bonds to advertise the premises for sale, . . . and upon such sale, after deducting the cost and expenses thereof and 3 per cent commission to the trustee, pay off the bonds secured thereunder . . . making a deed to the purchaser at such sale in fee simple."

2. Thereafter, on 14 June, 1926, in an action by the Corporation Commission against the Merchants Bank and Trust Company, the Wachovia Bank and Trust Company, a banking corporation organized under the laws of North Carolina, was appointed permanent receiver

of the Merchants Bank and Trust Company, on the ground of insolvency, the order of appointment specifically empowering the said receiver "to foreclose by advertising under the power of sale, through suits in court, or otherwise, as it deems best, all mortgages, real and chattel, deeds of trust, and is hereby authorized to effect the sale of all other properties pledged to the defendant."

3. Default having been made by the Moore County Farms, Inc., in the payment of its bonds, secured as aforesaid, the Wachovia Bank and Trust Company, receiver of the trustee named in the deed of trust, at the request of the holders of as much as 20 per cent of said bonds, duly foreclosed under the power of sale and the order of court, at which sale the defendants became the last and highest bidder for the lands covered by said deed of trust, bidding therefor the sum of $15,000.

4. No upset bid having been filed, the receiver duly tendered deed to the defendants, which was refused because of plaintiff's alleged want of authority or power to make the sale and to pass title to the property. Whereupon, this controversy without action was submitted. Judgment for the plaintiff was entered in the Superior Court, and the defendants appeal, assigning error.

*Manly, Hendren & Womble for plaintiff.*
*H. G. Hudson and C. R. Wharton for defendants.*

STACY, C. J. Is the receiver's deed, duly executed as to form, sufficient to convey title to the lands covered by the deed of trust? An affirmative answer to this question will uphold the judgment, while a negative one will reverse it.

It was held in *Strauss v. Building & Loan Asso.,* 117 N. C., 308, 23 S. E., 450 (decided in 1895), on rehearing, 118 N. C., 556, 24 S. E., 116 (decided in 1896), that a receiver of an insolvent building and loan association, in the absence of an order of court, was not authorized to foreclose a mortgage made to the corporation in which the corporation alone was empowered to foreclose by sale. This was subsequently approved in *Thompson v. Loan Asso.,* 120 N. C., 420, 27 S. E., 118 (decided in 1897).

But the Legislature, thereafter, at its regular session, 1901, amended the law, and specifically clothed receivers of corporations with the power and authority to "foreclose mortgages, deeds of trust, and other liens executed to the corporation," now C. S., 1209; and further provided in the same act, ch. 2, Public Laws 1901, now C. S., 1210, that "all of the real and personal property of an insolvent corporation, wheresoever situated, and all of its franchises, rights, privileges and effects, upon the appointment of a receiver, forthwith vest in him, and the corporation is divested of the title thereto."

It is the contention of the plaintiff that under the foregoing statutory provisions, which were in force at the time of the execution of the present deed of trust, the receiver of the trustee is by implication, if not expressly, authorized to execute the power of sale in the deed of trust, especially as the instrument provides for the payment of a commission of 3 per cent to the trustee, its successor or assignee, all of which is confirmed by order of court.

It was said in the recent case of *Mitchell v. Shuford, ante,* 321, that the provisions of a deed of trust are contractual, but the general laws of the State, in force at the time of the execution of a contract, enter into and become as much a part of the contract as if they were expressly referred to or incorporated in its terms. *House v. Parker,* 181 N. C., 40, 106 S. E., 137; *Mfg. Co. v. Holladay,* 178 N. C., 417, 100 S. E., 597. . Hence, under the law in force at the time, and in view of the provisions of the present deed of trust and the order of court directing the receiver to foreclose all mortgages, deeds of trust, and authorizing it to effect the sale of all other properties pledged to the insolvent trustee, we are of opinion that the deed tendered is sufficient in law to convey to the defendants a fee simple title to the lands covered by the deed of trust. This was the holding of the Superior Court, and the judgment is

Affirmed.