STATE OF NORTH CAROLINA v. THOMAS WAYNE KILLIAN

No. 7415DC932

(Filed 19 March 1975)

**Criminal Law §§ 18, 146— appeal from district court to Court of Appeals — necessity for appeal to superior court**

Defendant had no right to appeal to the Court of Appeals from the district court's allowance of the entry of a second *nolle prosequi* by the State of a charge of possession of marijuana or from the district court's failure to rule on defendant's motion to dismiss the charge on the ground he had been denied a speedy trial and the right to confront his accusers, since appeals in criminal cases in the district court must first go to the superior court. G.S. 7A-271(b).

APPEAL by defendant from *Paschal, Judge.* Order entered 19 September 1974 in District Court, ORANGE County. Heard in the Court of Appeals 22 January 1975.

In a warrant issued on 31 July 1974, defendant was charged with possession of marijuana, a misdemeanor. On 22 August 1974 the State entered a *nolle prosequi* in the case.

On 27 August 1974 defendant filed a motion in district court showing: This case was calendared for trial on 22 August 1974 at which time defendant and his attorney appeared. The State attempted to take a *nolle prosequi,* defendant objected, and the court ordered the case continued and set for trial on 19 September 1974.

On 19 September 1974 the State entered a second *nolle prosequi* in the case. Defendant objected to the entry on the ground that his constitutional rights were violated in that he was denied a speedy trial and the right to confront his accusers; he moved for a dismissal of the charges. The court "allowed" the entry of *nolle prosequi* by the State but did not rule on defendant's motion for dismissal of the charges.

From the court's ruling, defendant gave notice of appeal to the Court of Appeals.

*Attorney General Edmisten, by Deputy Attorney General Andrew A. Vanore, Jr., and Associate Attorney Raymond L. Yasser, for the State.*

*Winston, Coleman and Bernholz, by Roger B. Bernholz, for defendant appellant.*

State v. Killian

BRITT, Judge.

While the point had not been raised by the State when this case came on for oral argument, we questioned the right of defendant to appeal a criminal cause from the district court to this court. Consequently, we allowed the defendant and the State to file supplemental briefs addressed to that question. After consideration of the authorities cited in the supplemental briefs and other authorities, we hold that defendant does not have that right.

Our State Constitution, Article IV, § 12(2), provides that "[t]he Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe." G.S. 7A-26 provides: "The Supreme Court and the Court of Appeals respectively have jurisdiction to review upon appeal decisions of the several courts of the General Court of Justice and of administrative agencies, upon matters of law or legal inference, *in accordance with the system of appeals provided in this article.*" (Emphasis added.) G.S. 7A-27 provides for appeals from the district court to the Court of Appeals from final judgments and certain interlocutory orders or judgments in *civil* actions. Article 22 of Chapter 7A is entitled "Jurisdiction of the Trial Divisions in Criminal Actions" and within that article G.S. 7A-271(b) specifically provides that "[a]ppeals by the State or the defendant from the district court are to the superior court. . . . " We think the last quoted statute clearly mandates our holding.

We perceive the constitutional and statutory structure of our General Court of Justice to provide that, generally, appeals from the district court in *civil* causes go to the Court of Appeals, while appeals in *criminal* causes must go first to the superior court.

In view of the foregoing, we do not reach the question of whether the action or inaction of the trial court from which defendant attempted to appeal violated his constitutional rights as declared in *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 2d 1 (1967). The question must be considered in the superior court before it can be considered by us.

For the reasons stated, the appeal, *ex mero motu,* is

Dismissed.

Chief Judge BROCK and Judge CLARK concur.