STATE OF NORTH CAROLINA v. MICHAEL ANTHONY GOLDEN

No. 7815DC353

(Filed 20 February 1979)

1. **Criminal Law § 146.7— criminal case in district court—no appeal to Court of Appeals**

   No appeal lies to the Court of Appeals from an order entered in a criminal action in the district court finding that defendant had violated conditions of his suspended sentence.

2. **Bastards § 8.1— willful refusal to support illegitimate child—verdict of guilty —finding of paternity**

   A general verdict of "guilty" or "guilty as charged" to a valid charge of willfully neglecting and refusing to support an illegitimate child in violation of G.S. 49-2 is adequate as a finding of paternity.

APPEAL by defendant from *Harris, Judge.* Undated order entered in District Court, ALAMANCE County. Heard in Court of Appeals 30 January 1979.

On 31 August 1977 defendant was tried and found guilty in the District Court in Alamance County in Case No. 77CR7457 in which defendant was charged in a criminal summons with the offense of willfully neglecting and refusing to support his illegitimate child born on 7 March 1977, a misdemeanor under G.S. 49-2. Judgment was entered by District Judge Walter M. Lampley sentencing defendant to jail for six months, the sentence being suspended for three years on condition that defendant pay $35.00 per week to the Clerk of Superior Court for the use and benefit of the child. The judgment further provided that all money paid into the office of the Clerk be transmitted to the Department of Human Resources and that "this case be assigned a 'CVC' file number but that it retain its character as a criminal action." Defendant did not appeal from the judgment.

On 18 January 1978 a Deputy Clerk of Superior Court issued an order for defendant's arrest in a case entitled "*The State of North Carolina v. Michael Anthony Golden*" bearing file number 77CVC104. As grounds for the arrest, the order recited: "The defendant named above having failure to comply — non-support." The order directed the arresting officer to bring the defendant "before the Civil Court of Alamance County at Graham, N.C. on the 24th day of February, 1978, at 9:30 o'clock a.m., or upon the first day of court following his arrest."

On 2 February 1978 defendant filed a motion in Case No. 77CVC104 to strike the Judgment entered on 31 August 1977 "in the above entitled matter" on the ground that "the Judgment entered in the above-entitled matter failed to find the defendant to be the natural father of the minor child."

An undated order was entered in Case No. 77CVC104 by District Judge W. S. Harris, Jr., the Judge Presiding at the 24 February 1978 Session of the District Court for Alamance County. This order recites that "the plaintiff was present in court by and through its attorney, Donnell S. Kelly, Staff Attorney for the Alamance County Department of Social Services" and that "the defendant was personally present in court represented by his counsel." It then refers to the criminal summons in which defendant had been charged with willfully neglecting and refusing to support his illegitimate child, the trial on 31 August 1977 at which a general verdict of guilty had been rendered, and the judg-

ment entered thereon sentencing defendant to jail for six months, suspended on condition defendant pay the sum of $35.00 weekly for the support and maintenance of his child. The order then contains the following findings:

4. That subsequently and pursuant to a motion duly made by the defendant the support payments which he was ordered to pay as set out above were reduced by The Honorable W. S. Harris, Jr., by court order to $50.00 each two weeks until arrearages of $80.00 had been liquidated and then said payments to revert to $40.00 each two weeks.

5. That the defendant is before this court this day for his failure to comply with the order of Judge W. S. Harris, Jr. set out above that he pay the sum designated by Judge Harris, he, the defendant, having been previously cited to show cause why he should not be held and adjudged for contempt for his failure to pay.

6. That a motion was filed by the defendant's attorney, The Honorable Wiley P. Wooten, on or about the 2nd day of February, 1978 asking that the defendant's conviction, the terms of which are set out above, be vacated on the ground that the presiding judge at the time of defendant's trial failed to find defendant to be the natural father of the minor child set out in the criminal summons.

7. That the court is of the opinion that a general verdict of guilty by a presiding district court judge upon a proper charge of bastardy under G.S. Section 49-2 is adequate and that no specific finding that the defendant is the natural father of the child in question is required.

8. That the defendant has been gainfully employed at Copland Fabrics in Alamance County, North Carolina at least since the month of December, 1977 where, according to the evidence, he has been earning $3.15 per hour but has in fact made no payment pursuant to the court orders above referred to since the month of December, 1977.

9. And the Court further finds as the fact that the defendant has had and continues to have a present ability to pay pursuant to the orders set up above but has in fact un-

lawfully and willfully failed and neglected to pay as ordered and is in willful contempt of prior orders of this court.

On these findings, the court denied defendant's motion filed 2 February 1978 to strike the judgment which had been entered against him on 31 August 1977 and adjudged "[t]hat defendant be confined in the common jail of Alamance County until such time as he has paid the sum of $150.00 to be applied upon accumulated arrearages." From this order the defendant gave notice of appeal to the North Carolina Court of Appeals.

*Donnell S. Kelly for plaintiff appellee.*

*Vernon, Vernon & Wooten by Wiley P. Wooten for defendant appellant.*

PARKER, Judge.

[1] This is a criminal action in which defendant was given a suspended sentence after he was found guilty in the District Court of a misdemeanor charge contained in a criminal summons. Defendant did not appeal from the judgment which imposed that sentence. After the judgment was entered, for some reason not apparent on this record, the case was given a different file number. The assignment of a new file number could not and did not change the action from criminal to civil. Defendant now attempts to appeal to this Court from an order subsequently entered in the same criminal proceeding.

The jurisdiction of the Court of Appeals to review upon appeal decisions of the several courts of the General Court of Justice is controlled by Article 5 of G.S. Ch. 7A. No appeal lies to this Court from an order or judgment entered in a criminal action in the District Court. Appeals in such cases are to the Superior Court. G.S. 7A-290. Therefore, the purported appeal in the present case must be dismissed.

Although the attempted appeal must be dismissed, we do observe that when a probationer is charged with violating a condition of his probation, the procedure provided in G.S. 15A-1345 (formerly in GS 15-200.1) should be followed rather than a proceeding to hold him in contempt.

[2]   We also observe that a general verdict of "guilty" or "guilty as charged" to a valid charge of violation of G.S. 49-2 is adequate as a finding of paternity. *See, State v. Ellison*, 230 N.C. 59, 52 S.E. 2d 9 (1949).

For the reason above stated, defendant's purported appeal is

Dismissed.

Judges ARNOLD and WEBB concur.