STATE OF NORTH CAROLINA v. JOHN WESLEY HOOPER

No. COA02-869

(Filed 1 July 2003)

**1. Appeal and Error— probation revocations—appeal to Court of Appeals rather than superior court**

Defendant's appeal of his probation revocation judgments in district court was properly made to the Court of Appeals rather than to the superior court, because: (1) the legislative intent is to allow district courts to act as superior courts in disposing of guilty or no contest pleas in cases involving Class H or I felonies; and (2) appeals in these cases should be treated as though they were coming from the superior court even though they were actually taken in district court.

**2. Probation and Parole— probation revocation—credit for time spent in confinement**

    The trial court erred in a probation revocation case by failing to give defendant credit for time spent in confinement, and this issue is remanded back to the trial court for a determination of any credits to which defendant may be entitled.

**3. Sentencing— probation revocation—consecutive sentences**

    The trial court did not err by imposing consecutive sentences upon defendant's probation revocation when the original eight probation judgments did not indicate that the sentences were to run consecutively, because N.C.G.S. § 15A-1344 permits a judge to impose a consecutive sentence when a suspended sentence is activated without regard to whether the sentence previously imposed ran concurrently or consecutively.

    Judge WYNN dissenting.

    Appeal by defendant from judgment entered 29 August 2000 by Judge Laura J. Bridges in Transylvania County District Court. Heard in the Court of Appeals 22 April 2003.

    *Roy Cooper, Attorney General, by P. Bly Hall, Assistant Attorney General, for the State.*

    *Haley H. Montgomery for defendant-appellant.*

STEELMAN, Judge.

    Defendant, John Wesley Hooper, appeals eight judgments revoking his probation and activating six to eight months sentences in each case. For the reasons discussed herein, we affirm in part and remand in part.

    On 28 August 2000, defendant pled guilty to eight counts of felony forgery and eight counts of felony uttering in the Transylvania County District Court upon eight informations. Eight separate judgments were entered, all placing defendant on probation. On 22 January 2002, defendant's probation officer filed violation reports in each case. Defendant admitted all violations on 19 March 2002 in the Transylvania County District Court. The judge revoked his probation in each case and defendant was ordered imprisoned for eight consecutive six to eight month sentences. Defendant appeals.

I.

**[1]** In his first assignment of error, defendant argues that the trial court erred in finding that defendant had given notice of appeal to this Court rather than to the Transylvania County Superior Court. We hold that the appeal to this Court is proper.

The North Carolina Constitution provides that this Court "shall have such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. Art. IV, § 12. "The General Assembly shall by general law provide a proper system of appeals." *Id.*

The general rule governing appeals of probation revocations is found in section 15A-1347 of the North Carolina General Statutes, "[w]hen a district court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, the defendant may appeal to the superior court for a *de novo* revocation hearing." N.C. Gen. Stat. § 15A-1347 (2001). This statute was enacted in 1977. At the time of its enactment, the district court did not have jurisdiction to make a final disposition of felony cases. In 1995, the General Assembly modified the jurisdiction of the district court to allow it to accept guilty and no contest pleas in Class H and I felonies.

Section 7A-272 provides, in pertinent part:

(c) With the consent of the presiding district court judge, the prosecutor, and the defendant, the district court has jurisdiction to accept a defendant's plea of guilty or no contest to a Class H or I felony if:

(1) The defendant is charged with a felony in an information filed pursuant to G.S. 15A-644.1, the felony is pending in district court, and the defendant has not been indicted for the offense; or

(2) The defendant has been indicted for a criminal offense but the defendant's case is transferred from superior court to district court pursuant to G.S. 15A-1029.1.

(d) Provisions in Chapter 15A of the General Statutes apply to a plea authorized under subsection (c) of this section as if the plea had been entered in superior court, so that a district court judge is authorized to act in these matters in the same manner as a superior court judge would be authorized to act if the plea had been entered in superior court, and appeals that are authorized in these matters are to the appellate division.

N.C. Gen. Stat. § 7A-272 (2001). The provisions of section 15A-1347 appear to conflict with those of section 7A-272.

"Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). "If the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms." *Hyler v. GTE Prods. Co.*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993).

Here, the statute is not ambiguous. Section 7A-272(d) conflicts with section 15A-1347, which provides that a defendant appealing a probation revocation in the district court should address the appeal to the superior court. When conflicting statutes are construed, the specific controls over the general if the statutes cannot be reconciled. *See Krauss v. Wayne County Dept. of Social Services*, 347 N.C. 371, 493 S.E.2d 428 (1997). Section 7A-272(d) creates a specific exception to the general rule that all felony cases must be finally disposed of in the superior court. The purpose of the provisions is clear. It allows for Class H and I felonies to be disposed of at an earlier stage of the proceedings. The specific procedures allowing for the handling of certain felonies in the district court override the general rule of section 15A-1347, which requires that appeals of probation revocations from the district court are to the superior court.

Further, our Supreme Court has held that when there are conflicting provisions in statutes, the most recent provision "represents the latest expression of legislative will and intent." *Adair v. Orrell's Mut. Burial Assoc.*, 284 N.C. 534, 541, 201 S.E.2d 905, 910, *appeal dismissed*, 417 U.S. 927, 41 L. Ed. 2d 231 (1974) (citations omitted). Section 15A-1347 was passed in 1977. Section 7A-272 was passed in 1995.

In addition, by the same bill that amended section 7A-272, 1995 (Reg. Sess. 1996), c. 725, § 6, our General Assembly enacted section 15A-1029.1, which provides:

(a) With the consent of both the prosecutor and the defendant, the presiding superior court judge may order a transfer of the defendant's case to the district court for the purpose of allowing the defendant to enter a plea of guilty or no contest to a Class H or I felony.

(b) The provisions of Article 58 of this Chapter apply to a case transferred under this section from superior court to district court in the same manner as if the plea were entered in superior court. Appeals that are authorized in these matters are to the appellate division.

N.C. Gen. Stat. § 15A-1029.1 (2001). It is clear that the legislative intent was to allow district courts to act as superior courts in disposing of guilty or no contest pleas in cases involving Class H or I felonies. If such cases remained in the superior court, there is no question that the proper appeal would be to this Court. Section 7A-272 and 15A-1029.1 indicate that these specific cases will be treated "in the same manner as if the plea were entered in superior court." Thus, appeals in these cases should be treated as though they were coming from the superior court even though they were actually taken in district court.

The dissent accuses the majority of legislating rather than engaging in judicial interpretation, relying upon bills which were introduced, but not enacted, during the 2001 session. Senate Bill 819 (2001 session) was titled "An Act to Clarify That a Person Who Pleads Guilty or No Contest to a Class H or I Felony in District Court and Receives a Probationary Sentence Will Have Any Resulting Probation Violation hearing Held in District Court, and That an Appeal From a Subsequent Probation Revocation Will Be Heard in the District Court." The fact that the General Assembly failed to enact this bill should not be used by this Court as a basis for construing legislative intent. In light of the General Assembly's inaction, this Court is compelled to render a decision in the case that has been brought before it, based upon the applicable principles of statutory construction.

The cases of *State v. Killian*, 25 N.C. App. 224, 212 S.E.2d 419 (1975), and *State v. Golden*, 40 N.C. App. 37, 251 S.E.2d 875 (1979), are inapplicable to this case, having been decided prior to the enactment of the amendments to sections 7A-272 and 15A-1029.1 in 1996.

Defendant's appeal of his probation revocation judgments was properly made to this Court and not the superior court. This assignment of error has no merit.

## II.

[2] In his second assignment of error, defendant argues the trial court erred in failing to give him credit for time spent in confinement. We agree.

Section 15-196.4 provides, in pertinent part, that "[u]pon sentencing or activating a sentence, the judge presiding *shall* determine the credits to which the defendant is entitled[.]" (Emphasis added). The judge activating defendant's sentences was required to make this determination. None of the eight judgments that activated defendant's sentences provided for *any* credit. Yet the record shows that defendant had been in custody for "quite awhile" at the time of his revocation hearing.

This issue is remanded back to the trial court for a determination of any credits to which defendant may be entitled.

## III.

**[3]** In his third assignment of error, defendant argues the trial court erred in imposing consecutive sentences upon his probation revocation when the original probation judgments did not indicate that the sentences were to run consecutively. We disagree.

Defendant's argument focuses upon section 15A-1354(a) which provides that if the trial court does not specify whether multiple sentences are to run consecutively, they shall run concurrently. N.C. Gen. Stat. § 15A-1354(a) (2001). The eight probation judgments originally entered in the instant case did not state whether the judgments were consecutive or concurrent. The State argues that: (1) the clerk's minutes show that the judge directed for each of the original probation judgments to be consecutive; (2) this was not properly reflected in the judgments; (3) defendant acknowledged this at the revocation hearing; and (4) the trial judge amended the original eight judgments to reflect that the eight probation sentences were to run consecutively.

We hold that whether there was an error in the original probation judgments is not determinative of this issue. Rather, it is controlled by the provisions of section 15A-1344(d):

A sentence activated upon revocation of probation commences on the day probation is revoked and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period unless the revoking judge specifies that it is to run consecutively with the other period.

N.C. Gen. Stat. § 15A-1344(d) (2001). In *State v. Paige*, 90 N.C. App. 142, 369 S.E.2d 606 (1988), this Court held that this statute permits a judge to impose a consecutive sentence when a suspended sentence

is activated without regard to whether the sentence previously imposed ran concurrently or consecutively. *See also State v. Campbell*, 90 N.C. App. 761, 370 S.E.2d 79, *appeal dismissed, rev. denied*, 323 N.C. 367, 373 S.E.2d 550 (1988). This assignment of error is without merit.

AFFIRMED IN PART; REMANDED IN PART.

Judge TYSON concurs.

Judge Wynn dissents.

WYNN, Judge dissenting.

Notwithstanding what may be a laudable judicial desire to avoid direct appeals of felony probation violations to superior court as required by N.C. Gen. Stat. § 15A-1347 (2002), the change in that statute is a task for our General Assembly, not the judiciary. Indeed, in two separate bills aimed at changing the law to allow for direct appeal of felony violations to the Court of Appeals, the General Assembly failed to make the changes to Section 15A-1347 that the majority seeks to make today by judicial fiat. *See* H.B. 1085, 2001 Reg. Sess., N.C. Gen. Assem.; S.B. 819, 2001 Reg. Sess., N.C. Gen. Assem. Neither this Court nor our Supreme Court is empowered—particularly in light of express legislative inaction—to rewrite the laws of this State, including the law duly enacted by our legislature and codified at N.C. Gen. Stat. § 15A-1347.

With clear and unequivocal language, Section 15A-1347 is the sole statute authorizing an appeal of the revocation of a probationary judgment by the district court. In pertinent part, Section 15A-1347 provides:

When a district court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, the defendant may appeal to the superior court for a de novo revocation hearing.

Furthermore, N.C. Gen. Stat. § 7A-271(b) (2002) provides that: "Appeals by the State or the defendant from the district court [in criminal actions] are to the superior court."

The indisputable purport of the foregoing statutes is that appeal to this Court under the circumstances *sub judice* would be proper

only *after* activation of a suspended probationary sentence by the superior court upon *de novo* review following appeal of the revocation of said probationary sentence by the district court. *See* N.C. Gen. Stat. §§ 15A-1347, 7A-271(b); *see also* N.C. Gen. Stat. § 7A-26 (2002) (establishing appellate jurisdiction of Court of Appeals); N.C. Gen. Stat. § 7A-27 (2002) (delineating appeals of right from the trial court division.).

In short, as in *State v. Killian*, 25 N.C. App. 224, 225, 212 S.E.2d 419, 420 (1975)—dismissing a criminal appeal from a district court judgment because the "constitutional and statutory structure of our General Court of Justice" directs that "appeals in *criminal* causes [from the district court] must go first to the superior court"—defendant's "appeal, *ex mero motu*, [must be] dismissed." *Id.*; *see also State v. Golden*, 40 N.C. App. 37, 40, 251 S.E.2d 875, 877 (1979) ("No appeal lies to [The] Court [of Appeals] from an order or judgment entered in a criminal action in the District Court.").

While I join with my colleagues in recognizing the merits of rewriting N.C. Gen. Stat. § 15A-1347, we are but judges not legislators. I believe we must follow the statute. Therefore, I am compelled to respectfully dissent.