STATE OF NORTH CAROLINA v. SCOTT LYLE HARLESS

No. COA02-1147

(Filed 19 August 2003)

**Probation and Parole— probation revocation—appeal from district court**

A defendant's appeal from a judgment of the trial court revoking his probation and activating his sentence in a misdemeanor and felonious possession of marijuana, possession of drug paraphernalia, and possession of non-tax paid alcohol case is dismissed, because N.C.G.S. § 15A-1347 provides that a defendant must first appeal the revocation of probation by the district court to the superior court, and therefore, defendant did not have the right to appeal the revocation of his probation by the district court directly to the Court of Appeals.

Judge STEELMAN dissenting.

Appeal by defendant from judgment entered 27 February 2002 by Judge Mitchell L. McLean in Wilkes County District Court. Heard in the Court of Appeals 21 May 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

*Jarvis John Edgerton, IV, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Scott Lyle Harless ("defendant") appeals from judgment of the trial court revoking his probation and activating his sentence of four to five months' imprisonment. For the reasons stated herein, we dismiss the appeal.

On 7 February 2001, defendant pled guilty to misdemeanor and felonious possession of marijuana, possession of drug paraphernalia, and possession of non-tax paid alcohol. The trial court suspended his sentence and placed him on probation for twenty-four months. On 19 October 2001, defendant's probation officer filed a probation violation report, alleging multiple violations of the terms and conditions of probation. Defendant admitted to all violations on 27 February 2002 in the Wilkes County District Court.

The trial court revoked his probation and activated his sentence. Defendant appeals.

---

The dispositive issue on appeal is whether this Court has subject matter jurisdiction over defendant's appeal. Because we conclude that defendant cannot appeal the revocation of his probation directly from the district court, we dismiss this appeal.

Both the State and defendant agree that this Court lacks statutory authority to hear an appeal from probation revocation directly from the district court level. Section 15A-1347 authorizes an appeal by a defendant from revocation by the trial court of probation:

> When a district court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, the defendant may appeal to the superior court for a de novo revocation hearing. At the hearing the probationer has all rights and the court has all authority they have in a revocation hearing held before the superior court in the first instance. Appeals from lower courts to the superior courts from judgments revoking probation may be heard in term or out of term, in the county or out of the county by the resident superior court judge of the district or the superior court judge assigned to hold the courts of the district, or a judge of the superior court commissioned to hold court in the district, or a special superior court judge residing in the district. When the defendant appeals to the superior court because a district court has found he violated probation and has activated his sentence or imposed special probation, and the superior court, after a de novo revocation hearing, orders that the defendant continue on probation under the same or modified conditions, the superior court is considered the court that originally imposed probation with regard to future revocation proceedings and other purposes of this Article. When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, the defendant may appeal under G.S. 7A-27.

N.C. Gen. Stat. § 15A-1347 (2001). Thus, under section 15A-1347, a defendant must first appeal the revocation of probation by the district court to the superior court. *See id*; N.C. Gen. Stat. § 7A-271(b) (2001) (providing that "[a]ppeals by the State or the defendant from the district court are to the superior court"). If, after a *de novo* review by the

superior court, the defendant's suspended probationary sentence is activated, the defendant may appeal under section 7A-27 of the General Statutes.

We acknowledge that a recent decision filed by this Court on 1 July 2003 concluded that a defendant may properly appeal probation revocation judgments entered by the district court directly to this Court under sections 7A-272 and 15A-1029.1 of the General Statutes. *See State v. Hooper,* 158 N.C. App. 654, 582 S.E.2d 331 (2003). The decision in *Hooper,* however, was a divided one. The dissent in *Hooper* concluded that "[t]he indisputable purport of [sections 15A-1347 and 7A-271(b)] is that appeal to this Court . . . would be proper only *after* activation of a suspended probationary sentence by the superior court upon *de novo* review following appeal of the revocation of said probationary sentence by the district court." *Id.* at 660-61, 582 S.E.2d at 335 (Wynn, J., dissenting). Given the probability of review by our Supreme Court pursuant to section 7A-30(b) of the General Statutes, the issue of whether a defendant may properly appeal revocation of probation directly from the district court remains undecided.

We conclude that defendant did not have the right to appeal the revocation of his probation by the district court directly to this Court. If an appealing party has no right to appeal, dismissal of the appeal by the appellate court is proper. *See Bailey v. Gooding,* 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). We therefore dismiss this appeal.

Dismissed.

Judge HUDSON concurs.

Judge STEELMAN dissents.

Judge STEELMAN, dissenting.

This is a case in which a felony guilty plea was taken in the District Court of Wilkes County pursuant to the provisions of N.C. Gen. Stat. § 7A-272. The appeal involves a handwritten probation revocation judgment that raises the question of whether the record on appeal was complete and in proper form. However, the sentence imposed of 4 to 5 months clearly shows that it was a felony judgment.

I respectfully dissent from the majority's holding that this court lacks jurisdiction to hear an appeal of a felony probation revocation from the district court division.

The majority acknowledges *State v. Hooper,* 158 N.C. App. 654, —— S.E.2d —— (2003), which holds that an appeal from a felony probation revocation in the district court lies to this Court rather than to the superior court. One of our most important principles of appellate law in North Carolina is that: "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, *unless it has been overturned by a higher court." In re Civil Penalty,* 324 N.C. 373, 379 S.E.2d 30 (1989) (Emphasis added).

The majority states: "Given the probability of review by our Supreme Court, pursuant to section 7A-30(b) of the General Statutes, the issue of whether a defendant may properly appeal revocation of probation directly from the district court remains undecided." This holding would change the law of this State so that when a panel on this Court decides an issue by a 2 to 1 vote, the decision does not become precedent binding upon this Court, pending an appeal to the Supreme Court.

The effect of the majority opinion is to sow the seeds of chaos and confusion in our trial court divisions, in that they now have two directly conflicting decisions of this Court on the identical issue which they are required to follow.