STATE OF NORTH CAROLINA v. JOHN WESLEY HOOPER

No. 401A03

(Filed 6 February 2004)

**1. Probation and Parole— probation violation—appeal to superior court**

The Court of Appeals' decision in a probation violation case is vacated because when the district court revokes a defendant's probation, defendant's appeal is to the superior court, N.C.G.S. § 15A-1347. Defendant is permitted to refile his notice of appeal to the superior court notwithstanding time and procedural constraints resulting from this misdirected appeal.

**2. Appeal and Error— contemporaneous appeals—opposing positions by same party**

A party cannot argue two wholly opposing positions in contemporaneous appeals or switch positions during the course of a single appeal, and a failure to notify the court of the inconsistencies will inevitably diminish judicial confidence in a party's legal arguments.

Justice PARKER concurrs in the result only.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 158 N.C. App. 654, 582 S.E.2d 331 (2003), affirming in part and remanding in part orders and judgments entered 21 March 2002 by Judge Laura J. Bridges in District Court, Transylvania County. Heard in the Supreme Court 9 December 2003.

> *Roy Cooper, Attorney General, by P. Bly Hall, Assistant Attorney General, for the State.*

> *Staples Hughes, Appellate Defender, by Katherine Jane Allen, Assistant Appellate Defender, for defendant-appellant.*

BRADY, Justice.

The primary issue presented by the instant case is whether a defendant, whose probation has been revoked by order of the district court, should properly appeal his probation revocation to the superior court division or to the Court of Appeals. We hold that when the district court revokes a defendant's probation, that defendant's

appeal is to the superior court; therefore, we vacate the decision of the North Carolina Court of Appeals to the contrary.

In 1996, the General Assembly enacted N.C.G.S. § 7A-272(c), which grants the district court jurisdiction to accept pleas of guilty to Class H or I felonies where the defendant is charged in an information, the felony is pending in district court, and the defendant has not been indicted, or the defendant has been indicted but the case is transferred from superior to district court. Act of June 21, 1996, ch. 725, sec. 1, 1995 N.C. Sess. Laws (Reg. Sess. 1996) 410, 410. Although there is no evidence to suggest that section 7A-272(c) has been widely implemented, the obvious practical effect of the statute is to relieve the backlog of cases in superior court by allowing for early disposition of cases in district court upon the agreement of all parties.

On 29 August 2000, pursuant to section 7A-272(c), defendant John Wesley Hooper pled guilty in district court to multiple informations alleging eight charges of felony forgery and eight charges of uttering a forged instrument, both offenses being Class I felonies. The district court accepted defendant's negotiated plea and imposed a judgment that suspended defendant's active sentence of eight six-to-eight-month terms. The court then placed defendant on supervised probation for a period of thirty-six months.

On 22 January 2002, defendant's probation officer filed violation reports alleging that defendant had violated several conditions of his probation. Pursuant to those violation reports, the district court held a revocation hearing on 19 and 21 March 2002, at which time defendant admitted violating the conditions of his probation. The district court found defendant in willful violation of his probation, revoked his probation, and imposed an active sentence of eight consecutive six-to-eight-month terms.[1]

Following the revocation hearing, defendant filed a handwritten *pro se* notice of appeal stating only, "I wish to appeal my probation violation." The district court construed defendant's notice of appeal as one addressed to the Court of Appeals. Defendant argued before

1. At the revocation hearing, there was some question as to whether defendant's active sentence terms were to run concurrently or consecutively because the original written judgment failed to specify either option. On appeal to the Court of Appeals, defendant contended that his sentence was to run concurrently pursuant to N.C.G.S. § 15A-1354(a), which provides that if a judgment fails to specify whether multiple sentences are to run consecutively or concurrently, the sentences run concurrently. *See* N.C.G.S. § 15A-1354(a) (2003). This issue, however, is not before this Court.

the Court of Appeals that his appeal must be dismissed because the appellate court did not have jurisdiction to hear it. A divided panel of that court disagreed, retained jurisdiction of the appeal, and accordingly, resolved the substantive issues raised by defendant.

[1] We must now determine whether defendant's appeal was to the *superior court or to the Court of Appeals*. Our state Constitution mandates that the General Assembly prescribe by general law the scope of the jurisdiction of the Court of Appeals. N.C. Const. art. IV, § 12. Therefore, "appeal[s] can be taken only from such judgments and orders as are designated by the statute regulating the right of appeal." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

Appeals from probation revocations are governed by N.C.G.S. § 15A-1347, which provides as follows: "When a district court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, the defendant may appeal to the superior court for a de novo revocation hearing." N.C.G.S. § 15A-1347 (2003). Defendant contends that N.C.G.S. § 15A-1347 applied to the appeal of his probation revocation and, because that statute was not followed, the Court of Appeals did not have the statutory authority and therefore lacked jurisdiction to hear his appeal.

The State argues to the contrary that N.C.G.S. § 7A-272(d), another subsection within the statute that allowed the district court to accept defendant's guilty plea, creates a limited exception to the general rule provided by N.C.G.S. § 15A-1347. According to the State, this exception applies to defendant's appeal and thus, defendant's appeal was properly before the appellate division. N.C.G.S. § 7A-272 provides, in relevant part:

(c) With the consent of the presiding district court judge, the prosecutor, and the defendant, the district court has jurisdiction to accept a defendant's plea of guilty or no contest to a Class H or I felony if:

(1) The defendant is charged with a felony in an information filed pursuant to G.S. 15A-644.1, the felony is pending in district court, and the defendant has not been indicted for the offense; or

(2) The defendant has been indicted for a criminal offense but the defendant's case is transferred

from superior court to district court pursuant to G.S. 15A-1029.1.

(d) Provisions in Chapter 15A of the General Statutes apply to a plea authorized under subsection (c) of this section as if the plea had been entered in superior court, so that a district court judge is authorized to act in these matters in the same manner as a superior court judge would be authorized to act if the plea had been entered in superior court, and appeals that are authorized in these matters are to the appellate division.

N.C.G.S. § 7A-272(c), (d) (2003). Resolution of the issue presented by the instant case rests squarely upon proper construction of sections 15A-1347 and 7A-272(d).

"The primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 574, 573 S.E.2d 118, 121 (2002). The first step in determining a statute's purpose is to examine the statute's plain language. *Correll v. Division of Soc. Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990).

Applying these well-established principles, we conclude that N.C.G.S. § 15A-1347, not N.C.G.S. § 7A-272(d), governed defendant's appeal of his probation revocation. The language of section 15A-1347 is clear and unambiguous—a defendant seeking an appeal from probation revocation must appeal to the superior court. Furthermore, section 15A-1347 is consistent with the general rule governing criminal appeals from the district court. *See* N.C.G.S. § 7A-271(b) (2003) (providing that criminal appeals from the district court are to the superior court).

We cannot agree with the State that N.C.G.S. § 7A-272(d) applied to defendant's appeal. Nothing in section 7A-272(d) suggests that its contents are applicable to appeals from probation revocation orders, and in fact, section 7A-272(d) *expressly* governs a separate and distinctly different situation—an appeal from a plea to a Class H or I felony taken in district court. We decline to adopt the State's strained interpretation of section 7A-272(d) and instead conclude that section 7A-272(d) is inapplicable to defendant's case. The plain meaning of

section 15A-1347 controls the course of defendant's appeal, and we are therefore not at liberty to divine a different meaning through other methods of judicial construction. *See Burgess*, 326 N.C. at 209, 388 S.E.2d at 136. Pursuant to N.C.G.S. § 15A-1347, defendant's appeal was to the superior court, and the Court of Appeals did not have jurisdiction to hear defendant's appeal.

[2] In closing, we feel compelled to address an additional issue brought to light by the parties' briefs, that is, the State's conflicting arguments in at least two different cases regarding appeals from probation revocations. As indicated *supra*, the State argues to this Court that defendant's appeal was properly before the Court of Appeals. However, in this very case, it argued the opposite position to the Court of Appeals: Defendant's appeal should have been to the superior court. Similarly, in *State v. Harless*, 160 N.C. App. 78, 584 S.E.2d 339 (2003), the State argued in its brief to the Court of Appeals that the appeal of a probation revocation was to the superior court, not the Court of Appeals. In fact, the majority opinion in *Harless* noted the following: "Both the State and defendant agree that this Court lacks statutory authority to hear an appeal from probation revocation directly from the district court level." 160 N.C. App. at 79, 584 S.E.2d at 340. Despite having an appeal of right to this Court, *see* N.C.G.S. § 7A-30(2) (2003), the State never filed notice of appeal in *Harless*. Upon questioning at oral argument before this Court in the instant case, the State was unable to tender a satisfactory explanation as to why it has taken these inconsistent positions. Notwithstanding the State's assertion to this Court that it was couching its arguments to the Court of Appeals in conditional terms, the State's arguments in the present case, combined with its arguments and actions taken in *Harless*, were nonetheless contradictory.

We take this opportunity to remind all parties of a fundamental tenet governing appellate advocacy. Appellate briefs and oral arguments not only advance a particular position but also advise and inform a court. Candor and consistency in briefs and oral arguments are paramount to the ability of our appellate courts to preserve and interpret the law. *Compare State v. Pinch*, 306 N.C. 1, 8, 292 S.E.2d 203, 212-13 (instructing practitioners "to seek excellence first, not excessiveness, in the preparation of briefs and remind them that the ability to be direct and concise is a formidable weapon in the arsenal of appellate advocacy"), *cert. denied*, 459 U.S. 1056, 74 L. Ed. 2d 622 (1982), *and overruled in part on other grounds by State v. Rouse*, 339 N.C. 59, 451 S.E.2d 543 (1994), *cert. denied*, 516 U.S. 832, 133

**STATE v. HOOPER**

[358 N.C. 122 (2004)]

L. Ed. 2d 60 (1995), *and by State v. Robinson,* 336 N.C. 78, 443 S.E.2d 306 (1994), *cert. denied,* 513 U.S. 1089, 130 L. Ed. 2d 650 (1995), *and by State v. Benson,* 323 N.C. 318, 372 S.E.2d 517 (1988), *and abrogated in part by State v. Wilson,* 322 N.C. 117, 367 S.E.2d 589 (1988). We acknowledge that when one party participates in multiple appeals regarding the same legal issue, that party's understanding of the law and arguments to the court may evolve. However, where the same party argues two wholly opposing positions in contemporaneous appeals or switches positions during the course of a single appeal, we believe that party has a responsibility to advise the affected courts and, if asked, to justify its actions. Otherwise, such reversals can frustrate not only the fair disposition of individual cases but also the effective administration of justice. Moreover, failure to notify the court will inevitably diminish judicial confidence in a party's legal arguments. These factors apply with particular force where the party in question is the State, which has the elevated responsibility to seek justice above all other ends. *See generally* Rev. R. Prof. Conduct N.C. St. B. 3.8 (Special responsibilities of a prosecutor) cmts. [1] & [2], 2004 Ann. R. N.C. 740, 741; *see also Berger v. United States,* 295 U.S. 78, 88, 79 L. Ed. 1314, 1321 (1935) (noting that government attorneys are "representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done"), *quoted in State v. Jones,* 355 N.C. 117, 130, 558 S.E.2d 97, 106 (2002).

In conclusion, we hold that defendant's appeal of his probation revocation was properly to the superior court division rather than to the Court of Appeals. Accordingly, the district court should have referred defendant's *pro se* notice of appeal to the superior court. The Court of Appeals lacked jurisdiction and should have dismissed the appeal. We vacate the decision of the Court of Appeals and remand this case to that court for dismissal of defendant's appeal. Defendant should be permitted to refile his notice of appeal to the superior court, notwithstanding time and procedural constraints resulting from this misdirected appeal.

VACATED AND REMANDED.

Justice PARKER concurs in result only.