STEELMAN, Judge.
 

 On 8 May 2002, defendant was convicted of possession with intent to sell or deliver cocaine and was sentenced to a term of eight to ten months imprisonment. The sentence was suspended and defendant was placed on supervised probation for eighteen months.
 

 On 23 August 2002, a probation violation report was filed alleging defendant had violated his probation by testing positive for cocaine on four occasions. A probation violation hearing was held on 14 October 2002, where the trial court found that defendant willfully violated his probation by testing positive to cocaine. The trial court continued defendant's probation and modified the terms. The trial court ordered defendant be admitted into DART-Cherry, a drug treatment program, and reside there for ninety days. The trial court also extended defendant's probation by six months. Defendant appeals.
 

 Defendant argues that the trial court erred by extending the term of probation. Defendant asserts that the trial court was without authority to act upon the violation report because defendant was accused of willfully violating a special condition of probation that was never imposed.
 

 State v. Hooper
 
 holds that the Court of Appeals is without jurisdiction to hear appeals regarding felony probation matters from the district court division.
 
 358 N.C. 122
 
 , 122-23,
 
 591 S.E.2d 514
 
 , 515 (2004).
 

 APPEAL DISMISSED.
 

 Judges HUDSON and THORNBURG concur.
 

 Report per Rule 30(e).