IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-540

 Filed: 2 February 2016

Forsyth County, No. 12 CRS 62435 - 37

STATE OF NORTH CAROLINA, Plaintiff,

 v.

SHAMELE COLLINS, Defendant.

 Appeal by defendant from judgment entered 8 September 2014 by Judge

William Z. Wood in Forsyth County Superior Court. Heard in the Court of Appeals

20 October 2015.

 Attorney General Roy Cooper, by Assistant Attorney General Douglas W.
 Corkhill, for the State.

 Robinson, Bradshaw & Hinson, P.A., by Andrew A. Kasper, for defendant-
 appellant.

 ZACHARY, Judge.

 Shamele Collins (defendant) appeals from judgment entered on his pleas of

guilty to trafficking in cocaine, possession of cocaine with intent to sell or deliver,

misdemeanor possession of marijuana, possession of drug paraphernalia, and

resisting, delaying, or obstructing a law enforcement officer. Defendant reserved his

right to appeal the trial court’s denial of his motion to suppress evidence obtained at

the time of his arrest. On appeal defendant argues that the trial court erred by

denying his suppression motion, on the grounds that the evidence was obtained
 STATE V. COLLINS

 Opinion of the Court

during an unlawful search that violated defendant’s rights under the Fourth

Amendment to the United States Constitution, and that the trial court violated

defendant’s right to be present during his sentencing. We find no error in the trial

court’s denial of defendant’s suppression motion, but vacate the judgment and

remand for resentencing.

 I. Factual and Procedural Background

 On 13 December 2012, defendant was arrested on charges of trafficking in

cocaine by possession of more than 28 but less than 200 grams of cocaine, possession

of cocaine with intent to sell and deliver, possession of cocaine within 1000 feet of an

elementary school, maintaining a dwelling for the purpose of keeping and selling a

controlled substance, misdemeanor possession of marijuana, possession of drug

paraphernalia, and resisting an officer. On 16 December 2013, the Grand Jury of

Forsyth County indicted defendant for trafficking in cocaine by possession of more

than 28 but less than 200 grams of cocaine, possession of cocaine with intent to sell

and deliver, misdemeanor possession of marijuana, possession of drug paraphernalia,

and resisting an officer. On 29 August 2014, defendant filed a motion to suppress

evidence obtained at the time of defendant’s arrest, on the grounds that the evidence

was acquired as the result of an unlawful search that violated his rights under the

Fourth Amendment to the United States Constitution.

 -2-
 STATE V. COLLINS

 Opinion of the Court

 A hearing was conducted on defendant’s suppression motion on 8 September

2014. Evidence elicited at the hearing tended to show the following: Winston-Salem

Police Officer J.G. Gordon testified that on 13 December 2012 he was dispatched to

an apartment on Franciscan Drive in Winston-Salem in order to assist the North

Carolina Alcohol Law Enforcement Division (ALE) in serving a warrant on Jessica

Farthing, who lived at the Franciscan Drive apartment. When Officer Gordon

entered the apartment he smelled burned marijuana. Officer Gordon assisted the

ALE officers by running a computer check of the names of those present in the

apartment. Defendant initially told the officers that his name was “David Collins,”

but Officer Gordon was unable to find a listing in the online database for a person

named “David Collins” with biographical information that matched defendant’s. ALE

officers then found identification in the apartment with the name “Shamele Collins.”

Officer Gordon used an online photograph to confirm that defendant was actually

Shamele Collins, and learned that the State of New York had an outstanding warrant

for defendant’s arrest and extradition on a narcotics charge.

 Officer C. Honaker of the Austin, Texas, Police Department testified that on

13 December 2012 he was employed as a Winston-Salem Police Officer and had been

dispatched to the Franciscan Drive apartment to aid in the arrest of Ms. Farthing.

When Officer Honaker entered the apartment he noticed a “moderate to strong odor

of burnt marijuana” inside. Officer Honaker and another law enforcement officer

 -3-
 STATE V. COLLINS

 Opinion of the Court

conducted a protective sweep of the apartment and found defendant and another man

hiding upstairs. Officer Honaker placed defendant in handcuffs and conducted an

external search of defendant’s clothing and pockets, but did not find any contraband.

Officer Honaker then escorted defendant downstairs and directed him to sit on the

couch.

 Based on the outstanding warrant for defendant’s arrest, the odor of marijuana

about defendant’s person, and the fact that the defendant gave the officers a false

name, Officer Honaker decided to conduct a “strip search” of defendant. Officer

Honaker, assisted by Officer J.B. Gerald, moved defendant from the living room into

the dining room in order to “secure his privacy” because “there were other people in

the living room.” Officer Honaker, Officer Gerald, and defendant were the only ones

in the dining area. Officer Honaker informed defendant that he was going to conduct

a strip search and removed defendant’s handcuffs in the hopes that defendant would

cooperate with the search. Defendant, however, refused to consent to the search.

Defendant was wearing shoes and pants, but no shirt. When Officer Honaker

attempted to remove the belt from defendant’s pants, defendant struggled,

preventing a search. Officer Honaker then lowered defendant to the ground and

reattached the handcuffs. At that time, Officer Honaker observed a residue on the

ground where defendant had been standing, which Officer Honaker described as a

“small crystalline white, off-white rock substance” that appeared to be cocaine.

 -4-
 STATE V. COLLINS

 Opinion of the Court

Officer Honaker informed the trial court that he saw the white powder on the floor

prior to removing any of defendant’s clothing. After Officer Honaker noticed the

white crystalline material, he “completed a strip search of [defendant’s] person.”

When Officer Honaker lowered defendant’s pants, he “noticed that [defendant’s] butt

cheeks were clenched,” so Officer Honaker lowered defendant’s boxers and “saw a

plastic baggie with white residue in it - the buttocks crack.” Officer Gerald also

observed “what appeared to be cocaine in [defendant’s] buttocks area.” Officer

Honaker ultimately removed “several plastic baggies . . . two of which contained an

off-white substance” and “a third baggie that contained a green vegetable-like

substance consistent with marijuana” from between defendant’s buttocks. After he

conducted the search, Officer Honaker “realized there was also some [white powder]

beneath where [defendant] was sitting on the sofa” as well as a trail of white material

“coming down the stairs to the sofa where [defendant] was sitting.” Defendant was

arrested for offenses arising from his possession of drugs, for resisting an officer, and

for the outstanding New York warrant.

 At the close of the hearing, the trial court announced its ruling denying the

defendant’s suppression motion. Later that day, defendant entered pleas of guilty to

the charged offenses, reserving his right to appeal the denial of his motion to suppress

evidence. The trial court consolidated the convictions for purposes of sentencing and

orally rendered a judgment sentencing defendant to thirty-five to forty-two months

 -5-
 STATE V. COLLINS

 Opinion of the Court

imprisonment. Defendant gave notice of appeal in open court. On 8 September 2014,

the trial court entered a written judgment sentencing defendant to thirty-five to fifty-

one months imprisonment. On 10 September 2014, the trial court entered an order

memorializing its denial of defendant’s suppression motion.

 II. Standard of Review

 Defendant first argues on appeal that the trial court erred by denying his

motion to suppress evidence seized at the time of his arrest. The standard of review

of a trial court’s ruling on a defendant’s suppression motion is well-established:

 The scope of appellate review of a trial court’s order
 granting or denying a motion to suppress evidence “is
 strictly limited to determining whether the trial judge’s
 underlying findings of fact are supported by competent
 evidence, in which event they are conclusively binding on
 appeal, and whether those factual findings in turn support
 the judge’s ultimate conclusions of law.” . . . If the trial
 court’s findings of fact are supported by competent
 evidence, they are conclusive on appeal.

State v. Fowler, 220 N.C. App. 263, 266, 725 S.E.2d 624, 627 (2012) (quoting State v.

Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982), and citing State v. Barnard,

184 N.C. App. 25, 28, 645 S.E.2d 780, 783 (2007), aff'd, 362 N.C. 244, 658 S.E.2d 643

(2008)). “However, when, as here, the trial court’s findings of fact are not challenged

on appeal, they are deemed to be supported by competent evidence and are binding

on appeal. Conclusions of law are reviewed de novo and are subject to full review.”

State v. Biber, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citing State v. Baker,

312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984) (internal citation omitted)). In this case,

 -6-
 STATE V. COLLINS

 Opinion of the Court

defendant does not challenge the sufficiency of the evidence supporting the trial

court’s findings of fact, which are therefore conclusively established on appeal. The

issue presented on appeal is whether the trial court’s unchallenged findings of fact

support its conclusion of law that “the search conducted [of defendant] was a

reasonable lawful search and the defendant’s rights under the 4 th and 5th

Amendments [to the Constitution] were not violated.”

 Defendant also argues that the trial court erred as a matter of law by entering

a judgment that imposed a longer prison sentence than the trial court had announced

when it orally rendered judgment in court. Questions of law are reviewed de novo by

this Court. State v. Khan, 366 N.C. 448, 453, 738 S.E.2d 167, 171 (2013) (citing In

re Greens of Pine Glen Ltd. P’ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

 III. Denial of Defendant’s Suppression Motion

 At the time of defendant’s arrest, he was in possession of two bags of cocaine

and a bag containing marijuana, all of which were seized by Officer Honaker. These

items were found between defendant’s buttocks when defendant’s pants were

removed and his underwear was removed or pulled down. On appeal, defendant

argues that evidence of the drugs found on his person should have been suppressed

because the drugs were discovered during an unlawful “strip search” in violation of

defendant’s rights under the Fourth Amendment to the United States Constitution.

We disagree.

 -7-
 STATE V. COLLINS

 Opinion of the Court

 A. Legal Principles

 The Fourth Amendment to the United States Constitution protects the “right

of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures.” U.S. Const. Amend. IV. “ ‘[T]he Fourth

Amendment precludes only those intrusions into privacy of the body which are

unreasonable under the circumstances.’ ” State v. Norman, 100 N.C. App. 660, 663,

397 S.E.2d 647, 649 (1990) (quoting State v. Cobb, 295 N.C. 1, 20, 243 S.E.2d 759, 770

(1978) (internal citation omitted)).

 Generally, warrantless searches are presumed to be
 unreasonable and therefore violative of the Fourth
 Amendment of the United States Constitution. However,
 a well-recognized exception to the warrant requirement is
 a search incident to a lawful arrest. Under this exception,
 if the search is incident to a lawful arrest, an officer may
 “conduct a warrantless search of the arrestee’s person and
 the area within the arrestee’s immediate control.”

State v. Logner, 148 N.C. App. 135, 139, 557 S.E.2d 191, 194 (2001) (quoting State v.

Thomas, 81 N.C. App. 200, 210, 343 S.E.2d 588, 594 (1986) (other citations omitted)).

“ ‘A search is considered incident to arrest even if conducted prior to formal arrest if

probable cause to arrest exists prior to the search and the evidence seized is not

necessary to establish that probable cause.’ ” State v. Robinson, 221 N.C. App. 267,

276, 727 S.E.2d 712, 719 (2012) (quoting State v. Mills, 104 N.C. App. 724, 728, 411

S.E.2d 193, 195 (1991) (internal citations omitted)). Officer Honaker’s search of

defendant is properly classified as a search incident to arrest. There was an

 -8-
 STATE V. COLLINS

 Opinion of the Court

outstanding warrant for defendant’s arrest. In addition, defendant was charged with,

and ultimately pleaded guilty to, the offense of resisting, delaying or obstructing a

law enforcement officer, based on giving a false name to the officers.

 “ ‘[T]he central inquiry under the Fourth Amendment [is] the reasonableness

in all the circumstances of the particular governmental invasion of a citizen’s

personal liberty.’ ” State v. Peck, 305 N.C. 734, 740, 291 S.E.2d 637, 641 (1982)

(quoting Terry v. Ohio, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968)). Moreover,

the Court has advised that:

 [t]he test for determining the reasonableness of the search
 under the Fourth and Fourteenth Amendments to the
 United States Constitution “is not capable of precise
 definition or mechanical application. In each case it
 requires a balancing of the need for the particular search
 against the invasion of personal rights that the search
 entails. Courts must consider the scope of the particular
 intrusion, the manner in which it is conducted, the
 justification for initiating it, and the place in which it is
 conducted.”

State v. Scott, 343 N.C. 313, 327, 471 S.E.2d 605, 613 (1996) (quoting State v. Primes,

314 N.C. 202, 211, 333 S.E.2d 278, 283 (1985) (quoting Bell v. Wolfish, 441 U.S. 520,

559, 60 L. Ed. 2d 447, 481, 99 S. Ct. 1861 (1979)). On appeal, defendant cites a

number of federal cases. It is axiomatic that:

 “North Carolina appellate courts are not bound, as to
 matters of federal law, by decisions of federal courts other
 than the United States Supreme Court.” Even so, despite
 the fact that they are “not binding on North Carolina’s
 courts, the holdings and underlying rationale of decisions

 -9-
 STATE V. COLLINS

 Opinion of the Court

 rendered by lower federal courts may be considered
 persuasive authority in interpreting a federal statute.”

In re Fifth Third Bank, 216 N.C. App. 482, 488-89, 716 S.E.2d 850, 855 (2011)

(quoting Enoch v. Inman, 164 N.C. App. 415, 420, 596 S.E.2d 361, 365 (2004), and

McCracken & Amick, Inc. v. Perdue, 201 N.C. App. 480, 488, n.4, 687 S.E.2d 690, 695

n.4 (2009), disc. review denied, 364 N.C. 241, 698 S.E.2d 400 (2010)), cert. denied, 366

N.C. 231, 731 S.E.2d 687 (2012).

 In analyzing federal constitutional questions, we look to
 decisions of the United States Supreme Court[,] . . . [and]
 decisions of the North Carolina Supreme Court construing
 federal constitutional . . . provisions, and we are bound by
 those interpretations. We are also bound by prior decisions
 of this Court construing those provisions, which are not
 inconsistent with the holdings of the United States
 Supreme Court and the North Carolina Supreme Court.

Johnston v. State, __ N.C. App. __, __, 735 S.E.2d 859, 865 (2012) (citing State v.

Elliott, 360 N.C. 400, 421, 628 S.E.2d 735, 749 (2006), and In re Civil Penalty, 324

N.C. 373, 379 S.E.2d 30 (1989)), affd, 367 N.C. 164, 749 S.E.2d 278 (2013).

 C. Discussion

 As discussed above, the issue for our determination is whether the trial court’s

findings of fact support its conclusion that the search of defendant’s person did not

violate defendant’s Fourth Amendment right to be free of unreasonable searches. In

its order, the trial court made the following findings of fact:

 1. On December 13, 2012, Winston Salem Police
 Department's Street Crimes Unit was asked to assist

 - 10 -
 STATE V. COLLINS

 Opinion of the Court

Alcohol Law Enforcement (ALE) in serving an Outstanding
Warrant for a Jessica Farthing[.]

 ...

5. [Winston-Salem Police] Officer Honaker had been
advised that Farthing’s boyfriend may also be in the
residence and might have outstanding warrants as well.

6. Officers Honaker, Gerald, and Gordon smelled an odor
of burned marijuana ranging from moderate to strong
inside the residence.

 ...

8. There were two subjects located upstairs[:] the
defendant and another male named [Steven] Duren.

9. [Officer] Honaker thought the defendant . . . [was]
hiding.

10. Officer Honaker smelled marijuana on the defendant’s
person. He patted down and searched the defendant
upstairs, including going into his pockets.

11. The defendant and the other subject from upstairs
were taken downstairs to the couch.

12. Officers tried to ascertain the defendant’s name, [but]
the defendant gave Officer Honaker . . . a false name. . . .

 ...

14. Another officer or agent in the residence located a piece
of paper with the name ‘Shamele Collins’ on it[.]

15. . . . [Officer Gordon] determine[d] that Shamele Collins,
the defendant, had an outstanding warrant out of New
York for Dangerous Drugs. Officer Gordon confirmed that

 - 11 -
 STATE V. COLLINS

 Opinion of the Court

the warrant was still active and that New York would
extradite.

16. Officer Gordon advised Officer Honaker of the
outstanding warrant for the defendant’s arrest.

17. After finding out about the warrant, Officer Honaker
took the defendant into the dining room/kitchen area,
which was off the living room.

18. Officer Honaker removed the defendant's handcuffs.

19. The defendant was wearing pants and shoes but no
shirt.

20. Officer Honaker advised the defendant that he was
going to strip search him and the defendant did not
consent.

21. [When Officer] Honaker attempted to remove the
defendant’s belt, the defendant grabbed toward that area.
Officer Honaker believed this was a furtive move by the
defendant and that the defendant may have been trying to
sucker punch him.

22. Officer Honaker took the defendant to the ground using
an “arm bar.”

23. The defendant was placed back into handcuffs.

24. At that point Officer Honaker noticed a white crystal
substance consistent with cocaine on the floor where the
defendant had been standing in the kitchen/dining area.

25. Officer Honaker then searched the defendant without
the defendant’s consent.

26. Officer Honaker removed the defendant’s shoes then
his socks and searched them. Then Officer Honaker either

 - 12 -
 STATE V. COLLINS

 Opinion of the Court

 pulled down or removed his pants and then pulled down or
 removed the defendant's boxers.

 27. Officer Honaker saw that the defendant was clenching
 his butt cheeks.

 28. Officer Honaker removed plastic baggies from between
 the defendant’s butt cheeks, [of which two] contained an off
 white rock substance consistent with crack cocaine and one
 contained what the officer believed to be marijuana.

 29. One of the bags [of] cocaine was torn open and the
 cocaine was coming out.

 30. After the search Officer Honaker noticed more cocaine
 where the defendant had been sitting on the couch and a
 trail of cocaine coming down the stairs where the defendant
 had been moved.

 31. At some point during the incident Officer Honaker
 became aware that the defendant was in fact Jessica
 Farthing’s boyfriend.

 32. The defendant was arrested for the outstanding
 warrant from New York and the drug charges from this
 incident.

 On the basis of its findings of fact the trial court reached the following

conclusions of law:

 2. The place the search was conducted was in the dining
 area, removed or away from other people and that provided
 some privacy.

 3. The scope was either pulling or removing down
 defendant’s pants and boxers to expose his buttocks which
 was intrusive.

 4. The manner in which the search was performed was
 reasonable under the circumstances. The court finds that

 - 13 -
 STATE V. COLLINS

 Opinion of the Court

 there were exigent circumstances including: the fact that
 the crystals [were] on the floor where defendant was
 standing indicated that they were leaving the defendant’s
 person quickly leading to possible loss or destruction of
 evidence and that the bag of cocaine was not sealed leading
 to a danger to the defendant of absorbing some of the
 substance through his large intestine. The search was
 conducted by officers of the same sex and the only female
 present at the residence, according to the evidence, was
 Jessica Farthing the defendant’s girlfriend.

 5. The officers had justification to perform the search.
 Officer Honaker had a specific basis to believe drugs were
 hidden on the defendant because of the cocaine where the
 defendant was standing and the odor of marijuana coming
 from defendant’s person. Further the defendant’s actions
 of giving a false name, attempting to conceal his identity to
 avoid arrest further justified the search.

 6. The search of the defendant, although intrusive in
 manner, was conducted in a reasonable manner and it was
 incident to arrest.

 7. Based on the foregoing the court finds that the search
 conducted was a reasonable lawful search and the
 defendant’s rights under the 4th . . . Amendment[ ] were
 not violated.

 We conclude that the trial court’s unchallenged findings of fact support its

conclusion that the search of defendant’s person, although intrusive, was reasonable

under the factual circumstances presented and did not violate defendant’s rights

under the Fourth Amendment. In reaching this conclusion, we have carefully

considered defendant’s arguments, but do not find them persuasive.

 Defendant maintains that a search that is determined to be a “strip search” is

violative of a defendant’s Fourth Amendment rights unless we find that the search

 - 14 -
 STATE V. COLLINS

 Opinion of the Court

was reasonable under the factual circumstances together with the existence of

additional facts that are applicable to “strip searches.” Specifically, defendant

contends that in State v. Battle, 202 N.C. App. 376, 388, 688 S.E.2d 805, 815 (2010),

this Court determined that a “strip search” is unreasonable unless supported by

“probable cause and exigent circumstances.”

 However, we “note that neither the United States Supreme
 Court nor the appellate courts of this State have clearly
 defined the term strip search.” As the United States
 Supreme Court recently stated . . . ‘The term is imprecise.”
 . . . For that reason, there is no precise definition of what a
 ‘strip search’ actually is. Moreover, the United States
 Supreme Court has specifically stated that [it] “would not
 define strip search and its Fourth Amendment
 consequences in a way that would guarantee litigation
 about who was looking and how much was seen.”

Robinson, 221 N.C. App. at 277, 727 S.E.2d at 719 (quoting Battle, 202 N.C. App. at

381, 688 S.E.2d at 811; Florence v. Bd. of Chosen Freeholders, __ U.S. __, __, 132 S.

Ct. 1510, 1515, 182 L. Ed. 2d 566, 574 (2012); and Safford Unified Sch. Dist. #1 v.

Redding, 557 U.S. 364, 374, 129 S. Ct. 2633, 2641, 174 L. Ed. 2d 354, 364 (2009)). We

also note that in Robinson, 221 N.C. App. at 281, 727 S.E.2d at 722, decided after

Battle, this Court “conclude[d] that the mode of analysis outlined in Battle . . . only

applies in the event that the investigating officers lack a specific basis for believing

that a weapon or contraband is present beneath the defendant's underclothing.” Id.

Thus, it would appear that where, as in the present case, there exists probable cause

to believe that contraband was secreted beneath the defendant’s clothing, we are not

 - 15 -
 STATE V. COLLINS

 Opinion of the Court

required either to “officially” deem this to be a “strip search”1 or to find the existence

of exigent circumstances before we can declare the search of this defendant to be

reasonable. We are not, however, required to reach a definite conclusion on the

validity of defendant’s proposed approach to the determination of the

constitutionality of the search at issue. Assuming, arguendo, that the trial court was

required to find the existence of exigent circumstances and evidence supporting a

reasonable belief that defendant was secreting a controlled substance from under his

outer clothing, we conclude that both of these factors were present in this case. In

reaching this conclusion, we rely in part upon the following undisputed facts:

 1. Law enforcement officers were present in the apartment
 to arrest Ms. Farthing, who lived there.
 2. When defendant was asked by law enforcement officers
 to identify himself, he gave a false name.
 3. When a law enforcement officer ran defendant’s true
 name on a database, the officers learned that there was an
 outstanding warrant for arrest and extradition of
 defendant from New York for a narcotics offense.
 4. The house and defendant’s person had the odor of
 marijuana.
 5. Based on defendant’s giving a false name and the fact
 that defendant smelled of marijuana, Officer Honaker told
 defendant that he intended to conduct a “strip search” of
 defendant.
 6. Prior to removing defendant’s pants, Officer Honaker
 observed particles of white crystalline powder on the floor
 where defendant had been standing.

 1 In his appellate brief, defendant repeatedly asserts that he was subject to “a strip and body
cavity search.” The evidence is undisputed, however, that the contraband was discovered as soon as
defendant’s underwear was lowered or removed and that Officer Honaker did not search defendant’s
“body cavities.”

 - 16 -
 STATE V. COLLINS

 Opinion of the Court

 Defendant argues on appeal that the search was conducted in the absence of

any particularized suspicion that he was concealing drugs on his person or that there

were any exigent circumstances. Defendant’s only support for this position is his

assertion that, in assessing the reasonableness of Officer Honaker’s search, the trial

court was barred from consideration of the cocaine observed on the floor where

defendant had been standing. Defendant contends that, pursuant to this Court’s

holding in Battle, exigent circumstances must be present before the “initiation” of a

strip search and that in this case the search was “initiated” when Officer Honaker

grabbed at defendant’s belt. During the hearing on defendant’s suppression motion,

however, defendant was specifically asked by the trial court to comment on the

relevance of the cocaine on the floor to the issue of the reasonableness of the search.

Defendant’s only argument was that the presence of powder on the floor did not

provide “grounds for arrest” because it had not been “field tested” at that point.

Defendant never argued that the trial court could not consider the presence of the

powder because Officer Honaker observed the powder after he had decided to search

defendant.

 N.C.R. App. Proc. 10(a)(1) provides that “[i]n order to preserve an issue for

appellate review, a party must have presented to the trial court a timely request,

objection, or motion, stating the specific grounds for the ruling the party desired the

court to make” and that the party must also “obtain a ruling upon the party’s request,

 - 17 -
 STATE V. COLLINS

 Opinion of the Court

objection, or motion.” “Where a theory argued on appeal was not raised before the

trial court, the appellate court will not consider it because ‘[a] defendant may not

swap horses after trial in order to obtain a thoroughbred upon appeal.’ ” State v.

Henry, __ N.C. App. __, __, 765 S.E.2d 94, 99 (2014) (quoting State v. Benson, 323

N.C. 318, 322, 372 S.E.2d 517, 519 (1988), abrogated in part on other grounds by State

v. Hooper, 358 N.C. 122, 591 S.E.2d 514 (2004)). Accordingly, because defendant

failed to raise the timing of Officer Honaker’s observation of powder on the floor “as

an issue in the trial court at the hearing on his motion to suppress, the issue is not

properly before this Court on appeal, and we therefore will not consider it.” Id. (citing

State v. Eason, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991), and Benson, 323 N.C.

at 321, 372 S.E.2d at 519).

 We conclude that in ruling on defendant’s motion to suppress evidence the trial

court could properly consider the fact that Officer Honaker saw a white crystalline

substance on the ground where defendant had been standing. This observation

created the exigent circumstances found by the trial court in that “the fact that the

crystals [were] on the floor where defendant was standing indicated that they were

leaving the defendant’s person quickly leading to possible loss or destruction of

evidence and that the bag of cocaine was not sealed leading to a danger to the

defendant of absorbing some of the substance through his large intestine.” The

 - 18 -
 STATE V. COLLINS

 Opinion of the Court

presence of a white powder where defendant had been standing also gave rise to a

reasonable suspicion that defendant was concealing narcotics under his clothes.

 Defendant further contends that the search was unreasonable because there

were others present in the apartment who might have observed the officer’s search of

defendant. In support of this contention, defendant cites cases discussing searches

conducted by the side of a road or in another public location. In this case, however,

defendant was searched in the dining area of a private apartment. In its order the

trial court concluded in relevant part that the “place the search was conducted was

in the dining area, removed or away from other people and that provided some

privacy” and that “[t]he search was conducted by officers of the same sex and the only

female present at the residence, according to the evidence, was Jessica Farthing the

defendant’s girlfriend.” We find that the undisputed findings that the search was

conducted in a private residence and in a separate room from the others who were in

the apartment adequately supported the trial court’s conclusion that the law

enforcement officers exercised reasonable concern for defendant’s privacy. For the

reasons discussed above, we conclude that the trial court did not err by denying

defendant’s suppression motion.

 IV. Right to be Present at Sentencing

 Defendant also argues that his sentence was imposed in violation of his right

to be present when the judgment against him was entered. This argument has merit.

 - 19 -
 STATE V. COLLINS

 Opinion of the Court

 “It is well-settled that a defendant has a right to be present at the time that

his sentence is imposed.” State v. Leaks, __ N.C. App. __, __, 771 S.E.2d 795, 799,

disc. review denied, __ N.C. __, 775 S.E.2d 870 (2015) (citing State v. Crumbley, 135

N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999)). In Leaks the “trial court, in the presence

of defendant, sentenced defendant . . . to a minimum term of 114 months and a

maximum term of 146 months imprisonment. Subsequently, the trial court entered

written judgment reflecting a sentence of 114 to 149 months active prison time.” This

Court held:

 Given that there is no indication in the record that
 defendant was present at the time the written judgment
 was entered, the sentence must be vacated and this matter
 remanded for the entry of a new sentencing judgment. . . .
 Under the North Carolina structured sentencing chart, if
 the trial court intended to sentence defendant to 114
 months minimum incarceration, it was required to impose
 the 149 month maximum term. However, if the trial court
 intended to impose a maximum term of 146 months, it was
 required to impose the corresponding minimum term of
 111 months imprisonment. Regardless, there is no
 evidence that defendant was present when the trial court
 entered its written judgments. Because the written
 judgments reflect a different sentence than that which was
 imposed in defendant's presence during sentencing, we
 must vacate defendant's sentence and remand for the entry
 of a new sentencing judgment.

Leaks, __ N.C. App. at __, 771 S.E.2d at 799-800 (citing Crumbley and State v.

Hanner, 188 N.C. App. 137, 141, 654 S.E.2d 820, 823 (2008)).

 In the instant case, the trial court orally sentenced defendant to a prison term

of thirty-five to forty-two months. The written judgment sentenced defendant to

 - 20 -
 STATE V. COLLINS

 Opinion of the Court

imprisonment for thirty-five to fifty-one months. As in Leaks, the original sentence

was for a minimum sentence that did not correspond to the orally announced

maximum sentence, requiring the trial court to either identify the appropriate

maximum sentence where the minimum sentence is thirty-five months, or to identify

the correct minimum sentence for a maximum sentence of forty-two months.

Defendant was not present when the trial court made its decision and had no

opportunity to argue for the imposition of the shorter sentence. Accordingly, the facts

of this case are indistinguishable from Leaks, and require us to remand for

resentencing.

 For the reasons discussed above, we hold that the trial court did not err by

denying defendant’s motion to suppress evidence obtained at the time of his arrest,

and that the judgment in this case must be vacated and the case remanded for a new

sentencing hearing.

 NO ERROR IN PART, VACATED AND REMANDED IN PART.

 Judge BRYANT concurs in the result.

 Judge ELMORE dissents in a separate opinion.

 - 21 -
 No. COA15-540–State v. Collins

 ELMORE, Judge, dissenting.

 I respectfully disagree with the majority’s conclusion that the strip search was

reasonable and did not violate defendant’s rights under the Fourth Amendment. I

would conclude that the trial court erred in denying defendant’s motion to suppress

as the officers did not have a justification to perform the strip search. No exigent

circumstances or supporting facts existed prior to initiating the strip search to justify

the heightened intrusion into defendant’s right to privacy. Alternatively, there were

no reasonable grounds to believe that defendant was secreting a controlled substance

under his outer clothing, obviating the need for exigent circumstances and additional

facts. The trial court’s conclusions of law in paragraphs four, five, and seven are not

supported by any competent evidence.

 On appeal, defendant argues that at the inception of the strip search, neither

particularized probable cause nor exigent circumstances justified the strip search.

Defendant argues, “[T]he trial court improperly relied on Officer Honaker’s

observation of the white crystal substance on the floor in determining whether the

totality of the circumstances justified the search.” Further, he argues, “The smell of

marijuana did not provide Officer Honaker with the requisite probable cause to

believe [defendant] had contraband concealed in his underwear or buttocks[.]”

Defendant also claims that his arrest, based on a drug offense that “occurred at a

different time and in a different state” did not justify the strip search. Lastly,

“Whether [defendant] gave a false name to avoid arrest does not speak to—let alone
 STATE V. COLLINS

 ELMORE, J., dissenting

provide probable cause to believe—that [defendant] had secreted contraband beneath

his underwear or in his buttocks, and thus cannot serve as justification for the strip

and cavity search.” I agree.

 In State v. Battle, this Court stated, “For a search to comply with the

requirements of Fourth Amendment jurisprudence, there must be sufficient

supporting facts and exigent circumstances prior to initiating a strip search to justify

this heightened intrusion into a suspect’s right to privacy.” 202 N.C. App. 376, 392,

688 S.E.2d 805, 817 (2010). The majority cites to State v. Robinson, decided by this

Court after Battle. In Robinson, we “conclude[d] that the mode of analysis outlined

in Battle and adopted in Fowler only applies in the event that the investigating

officers lack a specific basis for believing that a weapon or contraband is present

beneath the defendant’s underclothing.” State v. Robinson, 221 N.C. App. 266, 281,

727 S.E.2d 712, 722 (2012); State v. Fowler, 220 N.C. App. 263, 268, 725 S.E.2d 624,

629 (2012) (“[T]he requirements of probable cause and exigent circumstances must

be established to justify the strip searches of defendant in the present case, as

enunciated in Battle.”) see also State v. Johnson, 225 N.C. App. 440, 451, 737 S.E.2d

442, 449 (2013); (“Battle does not apply because there was sufficient information to

provide a sufficient basis for believing that contraband was present beneath

defendant’s underwear.”) (citations and quotations omitted). As a result, in Robinson,

we held that the evidence “indicate[d] that various items of drug-related evidence

 2
 STATE V. COLLINS

 ELMORE, J., dissenting

were observed in the vehicle in which Defendant was riding, that Defendant made

furtive movements towards his pants, and that Detective Tisdale felt a hard object

between Defendant’s buttocks.” Robinson, 221 N.C. App. at 281, 727 S.E.2d at 722.

“For that reason, it is clear that Detective Tisdale had ample basis for believing that

contraband would be discovered beneath Defendant’s underclothing.” Id.

 The majority declines to decide whether the trial court was required to find the

existence of exigent circumstances and evidence supporting a reasonable belief that

defendant was secreting a controlled substance from under his outer clothing.

Assuming that it was, the majority concludes that both were present. The majority

finds exigent circumstances in the fact that the crystals found on the floor in the

dining room indicated that they were leaving defendant’s person quickly, leading to

possible destruction of evidence and danger to defendant. Additionally, the majority

finds that the presence of the white powder also gives rise to a reasonable suspicion

that defendant was concealing narcotics under his clothes. For the reasons stated

below, this evidence, found only after initiating the strip search, cannot provide a

justification to conduct the search.

 The mode of analysis outlined in Battle applies because the investigating

officers lacked sufficient information providing a specific basis for believing that a

weapon or contraband was present beneath defendant’s underclothing. Robinson,

221 N.C. App. at 281, 727 S.E.2d at 722. Accordingly, I contend that the trial court

 3
 STATE V. COLLINS

 ELMORE, J., dissenting

was required to find exigent circumstances and sufficient supporting facts justifying

the heightened intrusion into defendant’s right to privacy, and that neither

requirement was present here. Although Battle dealt with a roadside strip search

and the strip search conducted here took place inside a home, the place in which the

strip search was conducted is only one factor in the totality of the circumstances

inquiry, and the analysis is still controlling.

 In addressing exigent circumstances and the justification for initiating the

strip search, the trial court’s conclusions of law state the following:

 The court finds that there were exigent circumstances
 including: the fact that the crystals on the floor where
 defendant was standing indicated that they were leaving
 the defendants person [sic] quickly leading to possible loss
 or destruction of evidence and that the bag of cocaine was
 not sealed leading to a danger to the defendant of absorbing
 some of the substance through his large intestine. . . .

 The officers had justification to perform the search. Officer
 Honaker had a specific basis to believe drugs were hidden
 on the defendant because of the cocaine where the
 defendant was standing and the odor of marijuana coming
 from defendant’s person. Further the defendant’s actions
 of giving a false name, attempting to conceal his identity to
 avoid arrest further justified the search.

 I respectfully disagree with the majority’s conclusion that based on Rule 10 of

our Rules of Appellate Procedure we cannot consider defendant’s argument that the

trial court erred in considering the presence of the white powder in justifying the strip

search.

 4
 STATE V. COLLINS

 ELMORE, J., dissenting

 At the hearing, the trial court stated to defendant’s counsel, “[The State’s]

saying it’s a search incident to the arrest. Do you have any response?” Defendant’s

counsel responded that this was not a search incident to arrest because the police

officers did not have probable cause to arrest defendant. Defendant’s counsel argued

that the police officers only knew that there was an outstanding warrant possibly for

defendant that they needed to look into and that they smelled burnt marijuana in the

residence. The trial court then asked defendant’s counsel, “What about the powder

on the floor?” He responded that, without knowing what the substance was, there

were no grounds for an arrest.

 Based on this, the majority concludes that “because defendant failed to raise

the timing of Officer Honaker’s observation of powder on the floor ‘as an issue in the

trial court at the hearing on his motion to suppress, the issue is not properly before

this Court on appeal, and we therefore will not consider it.’ ” I contend, however, that

defendant may properly argue on appeal that the trial court’s conclusions of law were

in error. “Conclusions of law are reviewed de novo and are fully reviewable on

appeal.” State v. Williams, 366 N.C. 110, 114, 726 S.E.2d 161, 165 (2012) (citations

and quotations omitted).

 Here, Officer Honaker made the decision to conduct a strip search of defendant

when defendant was in the living room. Accordingly, the trial court was required to

analyze the justification for the strip search based on facts known to the officers up

 5
 STATE V. COLLINS

 ELMORE, J., dissenting

to that point. The State may not justify the strip search based on facts acquired after

initiating the strip search, even if such facts became known just prior to the most

intrusive part of the search—removal and/or lowering of defendant’s pants and

boxers. Thus, the fact that Officer Honaker observed a white powder on the floor in

the dining room after attempting unsuccessfully to disrobe defendant cannot justify

his earlier decision to conduct the strip search. Likewise, it cannot serve as the

exigent circumstance or supporting fact.

 In Battle, this Court stated the following:

 More relevant to our analysis, Defendant’s reaction to
 Detective Curl’s attempts to unzip her pants was not, as
 the trial court stated, “immediately prior to [Defendant’s]
 being search[ed].” At the time Defendant reached towards
 the top of her pants, Detective Curl had already initiated
 the strip search, as she was in the process of attempting to
 unzip Defendant’s pants. Defendant’s actions during the
 strip search cannot retroactively serve as a basis for
 justifying that strip search.

202 N.C. App. at 392, 688 S.E.2d at 817 (emphasis added). Here, the trial court

similarly concluded that defendant’s reaction to Officer Honaker’s attempt to

unbuckle his belt was before the strip search began, and that conclusion cannot stand.

 As in Battle, I would conclude that the strip search violated defendant’s Fourth

Amendment rights. Without considering the white powder, the only justification for

conducting the strip search was the smell of marijuana, defendant providing a false

first name, and an outstanding warrant in New York for a drug offense. The officers

 6
 STATE V. COLLINS

 ELMORE, J., dissenting

went to Farthing’s home looking for Farthing. They were not looking for defendant,

they were not acting on a confidential informant’s tip that defendant was carrying

drugs, see Fowler, 220 N.C. App. at 273, 725 S.E.2d at 631 (emphasizing that the strip

search “of defendant was based on corroborated information that defendant himself

would be carrying drugs”), and they did not feel a blunt object in defendant’s crotch

area during the patdown, see Johnson, 225 N.C. App. at 452, 737 S.E.2d at 449

(“[M]ost significantly, Trooper Hicks felt a blunt object in defendant’s crotch area

during the pat-down, directly implicating defendant’s undergarments.”). “The record

shows that the strip search was conducted on the mere possibility that drugs would

be found on Defendant’s person. . . . This fails to meet constitutional muster.” Battle,

202 N.C. App. at 392, 688 S.E.2d at 818. There must be more than a mere possibility

that a suspect could be hiding contraband in his undergarments “in order to justify

an intrusion of the magnitude of a strip search.” Id. at 399, 688 S.E.2d at 822.

 7